UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| PATRICIA G. SWINEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-CV-224 |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

<u>ORDER</u>

This Social Security matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated July 5, 2016. In that Report and Recommendation, the Magistrate Judge recommends that the plaintiff's motion for summary judgment, [Doc. 13], be denied, and defendant's motion for summary judgment, [Doc. 15], be granted. The plaintiff has filed objections to this recommendation, [Doc. 18]. The defendant Commissioner has responded, [Doc. 19].

The plaintiff objects to the Magistrate Judge's recommendation that the decision of Administrative Law Judge ("ALJ") to deny disability benefits be upheld. As the defendant points out, the plaintiff's objections to the Magistrate Judge's report are the same arguments made to the Magistrate Judge on appeal from the ALJ's decision. The plaintiff has presented no new argument but merely asserts in the objection that both the ALJ and the Magistrate Judge decided the case incorrectly. The plaintiff argues that neither the ALJ nor the Magistrate Judge has substantial evidence that she is able to return to her former work as generally performed because neither should have relied upon the testimony of the vocational expert ("VE").

1

When testifying, the VE stated that the plaintiff's past relevant work was a "customer service clerk," a sedentary position that required a "frequent" amount of fingering or handling. During the hearing, the VE stated a DOT number that applied to the position of "customer service supervisor," which requires only "occasional" fingering and the supervision of others, a work task that all parties agree does not apply to the plaintiff's prior relevant work. On appeal from the ALJ, the plaintiff argued to the Magistrate Judge that the VE's testimony was insufficient for the ALJ to rely upon in concluding that the plaintiff could return to her previous work as generally performed. The plaintiff argued before the Magistrate Judge and on appeal here that the VE's testimony was unreliable because of the clearly incorrect DOT number. However, the Court concludes, as the Magistrate Judge did, that the substance of the VE's testimony is reliable and applies to the plaintiff. The issues before the ALJ and the VE were whether the plaintiff could return to the position of customer service clerk, a sedentary position that requires frequent fingering with her disability of arthritis in her hands and fingers. The VE testified, albeit referencing the wrong DOT number, that the customer service clerk position was a sedentary position that required only frequent fingering, which the plaintiff could generally perform. Therefore, although the VE's testimony had minor discrepancies related to the DOT number, the substance of the VE's testimony was reliable and sufficient for the ALJ to rely upon.

After careful consideration of the record as a whole, including the Administrative Transcript, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby ORDERED that the plaintiff's objections are OVERRULED, that this Report and Recommendation is ADOPTED and APPROVED, [Doc.

17], that the plaintiff's motion for summary judgment, [Doc. 13], is DENIED, and that defendant's motion for summary judgment, [Doc. 15], is GRANTED.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE